CENTRAL CONTRACTING CO. et al. v. GRIGNON.

GRIGNON v. CENTRAL CONTRACTING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1919.)

Nos. 5121, 5125.

1. CONTRACTS ⬳199(1)—CONSTRUCTION—CONTRACT FOR REBUILDING BARGE.
Contract for rebuilding of a barge, made by correspondence, construed, and *held* to include specifications contained in the owner's final letter of acceptance.

2. CONTRACTS ⬳211—CONSTRUCTION—TIME AS OF ESSENCE OF CONTRACT.
A contract for rebuilding a barge, although the owner in accepting stated the builder's offer to be to rebuild the barge "and hand same over ready for sea in seven weeks," *held*, under the facts shown, not to make time of its essence.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by Peter Grignon, Jr., doing business as the Marine Iron & Shipbuilding Works, against the barge Crete; the Central Contracting Company, and J. W. Wolvin, claimants. From the decree, both parties appeal. Affirmed.

W. D. Bailey, of Duluth, Minn. (H. A. Carmichael, of Duluth, Minn., on the brief), for Central Contracting Co. and others.

John H. Norton, of Duluth, Minn., for Peter Grignon.

Before HOOK and STONE, Circuit Judges, and WADE, District Judge.

WADE, District Judge. [1] 1. Under the evidence and the well-settled rule (Silver King Coalition Mines Co. v. Silver King Co., 204 Fed. 166, 122 C. C. A. 402, Ann. Cas. 1918B, 571) that consideration must be given by this court to the finding of facts by the trial court, we are satisfied that the specifications were part of the contract between the parties. No formal contract was made and signed. A letter was written by the contractor on July 6th, which was a mere pro-

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

posal to "rebuild" the barge for $16,000. Certain limitations and specifications were stated in this letter.

On August 8th, the owner of the barge wrote:

"Replying to your letter dated July 6, 1916, offering to rebuild our barge Crete and hand same over, ready for sea in seven weeks, we beg to advise that we accept your offer and inclose herewith specifications which, if satisfactory, please sign and return. If not, make necessary changes. Our Mr. Smith is out of town but we expect him back before the end of the week, when, no doubt, he will immediately go to Duluth and close this matter up.

"[Signed]   Central Contracting Company."

The contractor did not reply to this letter, but the parties, on August 11th, had a conference which terminated in the following letter:

"Aug. 11, 1916.

"To the Marine Iron & Shipbuilding Company, Duluth, Minn.—Dear Sir: Replying to your letter dated July 6, 1916, offering to rebuild our barge Crete and hand same over ready for sea in seven weeks, for the sum of $16,000, we beg to advise you that we accept your offer, and inclose specifications, which must be carried out to the satisfaction of our surveyor, Robert Curr."

And thereupon the work was undertaken and carried out.

The contractor now insists upon the limitations indicated in his letter of July 6th; but the owner in his letter of August 8th, and in the letter of August 11th, which was accepted by the contractor as closing the contract, specifically indicates his understanding of the meaning of the letter of July 6th.

In the letter of August 8th, it is stated:

"Replying to your letter dated July 6, 1916, offering to rebuild our barge Crete and hand same over ready for sea."

By this letter the contractor was notified of the construction which the owner placed upon the letter of July 6th. He was advised that the owner understood the letter as "offering to rebuild our barge," and "hand the same over ready for sea."

Likewise in letter of August 11th:

"Replying to your letter of July 6, 1916, offering to rebuild our barge Crete and hand same over ready for sea in seven weeks for the sum of $16,000."

This again was a clear statement of the construction by the owner of the contractor's letter, but the owner does not stop with this mere statement of construction. In this letter the contractor is advised that—

"We accept your offer (construed as above) and inclose specifications which must be carried out to the satisfaction of our surveyor, Robert Curr."

How can there be any question as to whether the specifications, which the contractor admits he received, were part of the contract? It was specifically stated that these specifications "must be carried out."

The contractor admits that, if these specifications were required "to be carried out" as part of the contract, his claim for extras falls.

Not only are the specifications specifically made part of the acceptance, and therefore of the contract, but any other construction would be unreasonable. The specifications covering the very items

covered by the claim for extras, it is apparent that the owner knew that these items would be required in the rebuilding of the barge, and it sounds highly improbable that the owner would make a specific contract for $16,000, covering only part of the work which he knew had to be done, and leave the rest to be supplied as "extras."

The finding of the lower court that the contractor is not entitled to recover for extras cannot be disturbed.

[2] 2. The owner of the barge filed counterclaim against the contractor for $23,996, alleging damages "because the barge was not completed and ready for sea in seven weeks," as stated in the proposal of the contractor, and in the acceptance of the owner.

If the contractor can recover under the pleadings and the evidence, it must be upon a finding by the court that time was of the essence of the contract; otherwise, the contractor would have a reasonable time in which to complete the work, and, as to what would constitute a reasonable time, no proof was offered.

"The tendency of the later authorities, at law as well as in equity, is to regard the question as one of construction to be determined by the intent of the parties, and to hold that time is not ordinarily of the essence of the contract, unless made so by express stipulation, or unless there is something connected with the purpose of the contract and the circumstances surrounding it, which makes it apparent that the parties intended that the contract must be performed at or within the time named." 13 Corpus Juris, p. 687.

Under the language used by the' parties in the letters which constitute the contract, and under all the facts and circumstances, it cannot be held that time was of the essence of the contract in this case. The work was done under the supervision of a representative of the owner; it was of such a nature as that it was difficult, if not impossible, to anticipate the exact extent of the work, and the nature of the materials required. After the original contract, an additional contract for "fairing" the sides of the vessel was entered into, for which the owner agreed to pay $1,000. The owner through its representative, knew the course of the work. There was controversy over estimates and payments. When the seven weeks expired, the work was incomplete, and the delay was discussed, and the promises given and accepted by the owner. At no time was there any specific notice given to the contractor that the owner relied upon the claim that time was of the essence of the contract, or that, because it was not finished within the seven weeks, payment therefore would not be made.

The contractor clearly did not understand that time was of the essence of the contract, and he certainly did not understand that delay was imposing upon him an obligation for damages, which not only covered the entire contract price for all his work and materials, but which would leave him subject to a judgment for over $7,000 besides.

"Equity will refuse to enforce an express provision making time of the essence of the contract, when to do so would be unconscionable." 13 Corpus Juris, 688.

Under the circumstances in this case, it would be unconscionable to sustain the claim of the contractor. The finding of the lower court upon this counterclaim must be sustained. The decree of the lower court is affirmed.