## KELLY v. UNITED STATES.
### No. 775.

Municipal Court of Appeals for the
District of Columbia.

April 14, 1949.

James J. Laughlin, of Washington, D. C., for appellant.

Edward L. Carey, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., John D. Lane and J. Warren Wilson, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was fined $10 for contempt of court.[1] Because of the importance of the question involved we granted an appeal.[2]

Appellant had been tried and convicted for a criminal offense. The alleged contempt occurred during the hearing on his motion for new trial. Kelly, the appellant, was present at the hearing. Arguments were made by Mr. Laughlin, representing appellant, and Mr. Short, representing the Government. All three were seated at the trial table, Mr. Laughlin being seated between appellant and Mr. Short. The Court was considering a point raised in the argument, when the following occurred:

"Mr. Short: I ask Your Honor to, if you will, caution the defendant not to make the side remarks about the truth and veracity of the prosecutor in his attempt to rebuild these facts to His Honor.

"Mr. Laughlin: I don't know. I didn't hear it.

"The Court: Did you hear it?

"Mr. Short: He commented on the side, 'What a liar.' Now, I don't care to have my integrity impeached.

"The Court: Just a moment. Did you say that?

"Mr. Laughlin: Who? Me?

"The Court: Did you say that?

"Mr. Laughlin: No, I didn't.

"The Court: I am speaking to your client. Did you say that?

"Mr. Laughlin: No.

"The Court: Don't tell him 'no.' Wait a minute. Did you?

"Mr. Kelly: To myself, Your Honor.

"The Court: Did you say that?

"Mr. Kelly: I didn't address myself to the prosecuting attorney.

"The Court: Did you use the word 'liar'?

"Mr. Kelly: Just to myself; not speaking out loud.

"The Court: Did you speak the word 'liar'? Did you or not?

"Mr. Kelly: I didn't address it, sir, to anybody.

"The Court: Did you speak it?

"Mr. Kelly: I thought it.

---

[1] The trial court is specifically empowered by statute "to punish for disobedience of any order, or contempt committed in the presence of the Court by a fine not exceeding $50 or imprisonment not exceeding thirty days." Code 1940, Supp. VI, 11—756 (c).

[2] Code 1940, Supp. VI, 11—772 (a).

"The Court: Did you speak it?

"Mr. Kelly: I guess I did under my breath, Your Honor.

"The Court: I hold you in contempt of court, and I impose a fine of $10.

\* \* \* \* \* \*

"Mr. Laughlin: Anyway my point is that is was not contempt; that Your Honor had no right to interrogate him, and Your Honor—when I attempted to give him some advice Your Honor stopped me abruptly, as the stenographic report will show.

"The Court: Well, I wanted to show that, and it was because I was being interrupted by counsel who said 'no' to the client, and I did not want that client to do anything except to place his mind upon what I was saying to him as I was looking directly into his eyes and respond to what I was saying.

\* \* \* \* \* \*

"The Court: I think when a remark is made in open court, with people sitting all around, that can be heard six or eight feet away the mere fact that I was concentrating on the question of the taking of this deposition of a material witness who had testified to material things, whether or not there was any other evidence other than the testimony of that witness, I think it is understandable that I wouldn't have been paying particular attention to or hear that remark made by Mr. Kelly. But he said it loud enough to be heard by Mr. Short, some six or eight feet away, and there are other people sitting around here, and I say that is a contempt of court even though the Court didn't hear it."

It will be observed that the proceeding by which appellant was adjudged guilty of contempt was summary in every sense of that word. No formal charge was made; Mr. Short's statement to the court was not under oath and appellant was afforded no right to cross-examine him; appellant was compelled to submit to an inquisition by the court without benefit of advice from counsel; and appellant was afforded no opportunity to present witnesses on his behalf, if any he had. In other words, appellant was taken by the heels and fined for contempt without semblance of a trial.

That under certain circumstances one may be summarily held in contempt and fined therefor is beyond question. Fisher v. Pace, 336 U.S. 155, 69 S.Ct. 425. But this power of a court is limited to a narrowly restricted type of contempt. The leading case on the subject is Cooke v. United States, 267 U.S. 517, 534, 536, 537, 45 S.Ct. 390, 394, 69 L.Ed. 767. There, citing Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405, and Ex parte Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150, the Court said:

"To preserve order in the courtroom for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court, when occurring in open court. There is no need of evidence or assistance of counsel before punishment, because the court has seen the offense. Such summary vindication of the court's dignity and authority is necessary. It has always been so in the courts of the common law, and the punishment imposed is due process of law.

\* \* \* \* \* \*

"When the contempt is not in open court, however, there is no such right or reason in dispensing with the necessity of charges and the opportunity of the accused to present his defense by witnesses and argument.

\* \* \* \* \* \*

"Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed." [267 U.S. 517, 45 S.Ct. 394.]

■ The effect of the Cooke case, as was said in Bowles v. United States, 4 Cir., 44 F.2d 115, 117, is that "the power of the court to punish summarily for offenses committed under its eye and within its view rests upon its ability to see and hear what occurs in its

presence and upon the demoralization of its authority which would inevitably follow if such contempts were not instantly suppressed and punished."

That the Fourth Circuit correctly interpreted the Cooke case is made plain in the recent case of In re Oliver, 333 U.S. 257, 274, 275, 276, 68 S.Ct. 499, 508, where it was said:

"There [in the Cooke case] it was pointed out that for a court to exercise the extraordinary but narrowly limited power to punish for contempt without adequate notice and opportunity to be heard, the court-disturbing misconduct must not only occur in the court's immediate presence, but that the judge must have personal knowledge of it acquired by his own observation of the contemptuous conduct. This Court said that knowledge acquired from the testimony of others, or even from the confession of the accused, would not justify conviction without a trial in which there was an opportunity for defense.

\*    \*    \*    \*    \*    \*

"Except for a narrowly limited category of contempts, due process of law as explained in the Cooke case requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority \* \* \* before the public.' If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these

essential elements, due process requires, according to the Cooke case, that the accused be accorded notice and a fair hearing as above set out." [3]

 The foregoing cases conclusively establish that the trial court in the instant case was without power to summarily adjudge appellant in contempt and fine him therefor. The trial court had no personal knowledge of the offense. It acted upon the unsworn statement of Government counsel and appellant's forced admission. This was not due process.

Reversed.

---

[3] The doctrine of the Cooke case is incorporated in Rule 42 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Section (a) of that rule provides: "A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court."