**In re David I. ABSE, Appellant.**

**No. 4770.**

District of Columbia Court of Appeals.

Argued Dec. 4, 1968.

Decided March 21, 1969.

David I. Abse, pro se, moved for summary reversal.

Lewis D. Clarke, Asst. Corporation Counsel, with whom were Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, moved for summary affirmance.

Before HOOD, Chief Judge, KELLY, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge:

This is an appeal by a member of the Bar from an order adjudicating him in contempt and imposing on him a fine of

$50.00 or imprisonment for a period of not more than ten days. The incident out of which the alleged contempt arose occurred in open court in the Domestic Relations Branch of the trial court when the attorney attempted to have the court sign what the attorney considered an ex parte order. Unfortunately the proceeding was not stenographically recorded, and we are faced with a statement of proceedings and evidence prepared by the attorney and an "opinion and order" by the trial judge modifying and to some extent contradicting the attorney's statement. Ignoring much extraneous matter contained in the attorney's statement, we believe we are able to reconcile sufficiently the versions of the attorney and the judge to enable us to decide the real issue presented.

According to the attorney, when the judge refused to sign the order, holding it was not properly an ex parte matter, the judge then said:

> "In my opinion this is a dirty trick on opposing counsel" to try to get this kind of a motion through as a preliminary matter; that "it is a sneaky practice upon fellow members of the Bar" to try to sneak through an ex parte matter in this method.

Also according to the attorney, the judge after making those remarks stated he wished to hear nothing further. When the attorney replied, "Your Honor's remarks are unwarranted, uncalled for and not appreciated and I would like to be heard" the judge stated he would hold the attorney in contempt if he took any more of the court's time. When the attorney then stated he had a right to be heard on the judge's comments, the judge held the attorney in contempt.

The trial judge in his statement says it is "questionable" whether he used the exact language in the purported quotation of his remarks with reference to the attorney's conduct, but he says "the substance

of the thought was definitely voiced" and the attorney was told that his conduct was "improper, unprofessional, and unfair to fellow members of the bar." The judge's statement does not contradict the attorney's statement that when the attorney sought to reply to the judge's remarks he was held in contempt.

Thus the issue presented is whether a judge may in open court charge a lawyer with professional misconduct (the exact language of the judge is not material) and deny the lawyer the right to reply to that charge, and hold the lawyer in contempt when he attempts to reply. We are not here concerned with the correctness of either the judge's position or the lawyer's position with respect to the propriety of the submission of the proposed ex parte order.

▮▮ In the representation of a client in court a lawyer has the right to press his claim, even if it appears farfetched and untenable, but if the court's ruling is adverse, the lawyer has no right to persist in pressing his claim. His right is only to preserve his point for appeal and thus protect his client's interest.[1] The court's error, if such it was, may be corrected through the appellate process. The situation here is quite different. The court made no ruling adversely affecting the attorney's client. The attorney was personally charged by the judge with unprofessional conduct and no appeal could be taken from the judge's remarks. Can a judge make such a charge and deny the attorney the right to answer? Must the attorney stand silent and helpless in face of such a charge? Is it contempt of court for the lawyer to insist that he is entitled to answer the charge?

▮▮ A charge that an attorney is guilty of unprofessional conduct is a serious charge and is even more serious and damaging when made by a judge in open court. Fundamental fairness requires that

---

1. Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952).

the attorney be given reasonable opportunity to answer such a charge. A judge has no right to make such a charge and then deny the attorney the right to be heard, and it is not contempt of court for the attorney to insist on being heard. Of course the attorney does not have unlimited time to be heard and his answer must be in a respectful manner, but he does have the right to be heard and should not be penalized for attempting to exercise that right.

Reversed.

KELLY, Associate Judge (concurring).

I have never understood that counsel, acting in what he considers an emergency, cannot address his problem to the court preliminarily, in an *ex parte* motion. Urgency, of course, does not require the trial judge to act upon demand, particularly where, as here, he properly considers the matter so substantial and of such complexity as to preclude summary action. Persistence in the face of an unfavorable ruling by the court may then subject counsel to disciplinary action. But the accusation of unethical conduct in this case stems mainly, I think, from a misunderstanding as to notice. I see nothing in the record to indicate that counsel presented the motion in a manner which intimated it had been consented to by opposing counsel.[1] On the contrary, as the dissent footnotes, the typewritten words "Seen—No Objection:" had been lined out by opposing counsel and the words "received but not read with copy of the proposed order:" written in. However, in his "opinion and order" the trial judge states that "[t]he motion had not been served on the opposing counsel or party, nor had there even been notice given to opposing counsel, although there was such counsel of record." Later, without agreeing to appellant's version of the exact language used, he says that "[c]ounsel was apprised that attempting to interject as a preliminary matter, *ex*

*parte*, without notice to counsel of record, a matter which apparently involved substantial personal property rights was improper, unprofessional, and unfair to fellow members of the bar." I agree that an attorney is not in contempt of court when he presses to answer a charge of unprofessional conduct, and I make these comments only because of the extensive treatment of the propriety of counsel's action in the dissent.

QUINN, Associate Judge, Retired (dissenting).

Where I differ with the majority is at that point where they state that "[w]e are not here concerned with the correctness of either the judge's position or the lawyer's position with respect to the propriety of the submission of the proposed ex parte order." To me, the propriety of the attorney's action in submitting the motion is decisive to the disposition of this case.

If the attorney were to shout obscenities to the judge, and the judge were to comment that such conduct was unbefitting a member of the Bar, it would be absurd to suggest that the misbehaving attorney had the absolute right to reply to such well-deserved rebuke. I could go along with the majority if they limited their holding to cases unvolving *unjustified* attacks on attorneys from the bench. If the attorney's conduct is improper, however, judicial admonitions are proper and justified.

The majority suggest that the general principle that an attorney must desist from further argument once ordered by the court to do so, should not be arbitrarily applied without considering the matter which provokes the attorney's persistence. But I would suggest that it is equally arbitrary to base the right of an attorney to persist on the nature of the judge's comments without considering the circumstances which called forth the judicial censure.

1. Despite what the dissent characterizes as vigorous opposition, the motion was ultimately granted with the consent of opposing counsel by another judge.

I have examined the record in the instant appeal as to the entire course of events leading up to the contempt citation. I find that the appellant's conduct was worthy of censure and that, therefore, the judge was justified in rebuking him for it. This being the case, I can see no reason for reversing the contempt conviction.

The record shows that on August 7, 1968, appellant submitted a "Motion for Ratification of Sale of Securities" to Judge Ryan to be ruled on as a "preliminary matter." Preliminary matters are matters which are not scheduled for hearing by the court but which judges, by custom and for the convenience of attorneys and their clients, will entertain in summary fashion. Generally preliminary matters are not matters in controversy but which have been previously agreed on by the litigants and require only formal court approval. This approval is generally automatic. The judge sitting on preliminary matters can justifiably rely on the integrity of the attorneys who bring such matters before him.

Obviously, this method of handling preliminary matters is feasible only when those using the privilege deal fairly with opposing counsel and honestly and candidly with the court.

That appellant's conduct was less than candid is apparent from the nature of the matter which he presented to Judge Ryan as a preliminary matter and his failure to give any indication that it was anything more than the typical *pro forma* consent order. Appellant did not call to the judge's attention the fact that the subject matter of the motion might be foreign to the case under which the motion was captioned.[1] Nor did he point out to the judge that the signature of the "opposing counsel" was far from indicating consent to the granting of the motion.[2] The appellant failed to indicate that the service on "opposing counsel" had been effected only the day before, with the result that, under Rule 3(g) of the court, he had four more days in which to file an opposition to appellant's motion.

These technical deficiencies alone made the motion submitted by appellant entirely inappropriate for consideration as a preliminary matter. In addition, the object of the motion, the invasion of the corpus of a trust set up for the education of minor children, in the amount of $11,000, was such as to preclude summary, *ex parte* disposition.

The merits of the motion, of course, were not considered by Judge Ryan. His concern was not whether the end sought was legally justified or not, but whether the means attempted to be used to achieve that end were ethical.

As it turned out, the beneficiaries, represented by their mother's attorney, did file

1. The motion was captioned under the name and docket number of a divorce proceeding which had been heard and decided by Judge Atkinson, the parties to which were the appellant's client and the client's wife. The motion asked the court to authorize the sale of securities under the terms of a trust set up by the brother of appellant's client to provide for the education of the three minor children of the parties to the divorce action. Since the only interested parties to the resolution of the motion would be appellant's client, as trustee, and the minor children, as beneficiaries, there was a discrepancy between the interested parties and those involved in the suit. At the time of the service in question, the beneficiaries had no counsel of record. It is for this reason that the term "opposing counsel" is not technically correct. In all candor, the appellant, who must have been aware of the discrepancies, should have alerted the judge to the possibility that the motion was inappropriate as put forth.

2. The motion had been signed by Mr. Kagen, counsel for the mother of the beneficiaries under the trust. A notation had been typed above the place where Mr. Kagen was to acknowledge receipt of service, which read: "Seen—No Objection." This notation had been inked out and, beside it was handwritten: "received but not read with copy of proposed order."

an opposition within the five-day period, and vigorously, although unsuccessfully, challenged the granting of the motion. The subsequent adversary proceeding on the motion indicates that, contrary to the impression given by appellant—that the matter was not in contention—there was in fact considerable controversy on the merits of the motion.

Appellant knew that the motion he submitted was not a matter which should be treated *ex parte* as a preliminary matter. His thirty years at the bar negate any possible inference that his attempt to have it so treated was due to inexperience.[3] Rather, it is clear that appellant submitted the motion knowing it to be improper but hoping that the court would not notice, and would handle it as it does most preliminary matters, that is, with cursory attention and automatic, favorable action.

To quote Judge Ryan, appellant was "improperly trying to stampede the court in signing an order favorable to his client." Such an attempt might itself constitute contempt of court and warrant punishment.[4] Appellant should have been relieved, rather than indignant, that the judge only verbally censured his conduct.

Canon 32 of the Canons of Professional Ethics warns that the importance of a client or cause, or the correctness thereof, cannot justify improper actions in their support and that "[w]hen rendering any such improper service * * * the lawyer invites and merits stern and just condemnation."

I believe that the appellant's improper conduct warranted the judge's remarks and that he invited the contempt citation by taking issue with them. For that reason, I would affirm.

3. Even if appellant had been mistaken in first presenting the motion to Judge Ryan, the judge gave him ample opportunity to realize and correct that mistake, by warning him on two occasions prior to the verbal reprimand that such a motion was unappropriate as a preliminary matter.

4. In re Caffrey, 63 Wash.2d 1, 385 P.2d 383 (1963).