In re Raymond A. BROWNLOW, Appellant.

No. 4697.

District of Columbia Court of Appeals.

Argued Jan. 6, 1969.

Decided May 7, 1969.

---

**904**

Richard J. Hopkins, Washington, D. C., for appellant.

Mary E. Folliard, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Daniel Harris, Asst. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal by an attorney from an adjudication of contempt of court.

At approximately noon on March 20, 1968, appellant addressed the assignment court with respect to a case which he said involved a charge of carrying a deadly weapon. At that time he handed a summons to the court. Appellant's representations were confused and he demonstrated uncertainty as to the case about which he was speaking.

The court informed appellant that the summons passed to the court involved a housing violation and belonged in another courtroom. The court then called appellant to the bench and the following colloquy ensued:

"The Court: Have you been drinking?

"Mr. Brownlow: I had a cocktail at lunch.

"The Court: This morning?

"Mr. Brownlow: Yes.

"The Court: In my opinion, Mr. Brownlow, you are under the influence of alcohol in my Court, at this moment.

"Mr. Brownlow: Do you think so, Your Honor?

"The Court: Indeed I do.

"Mr. Brownlow: I don't.

"The Court: You don't?

"Mr. Brownlow: No, I don't.

"The Court: Do you wish to have an opportunity to be examined by a physician before I decide whether to hold you in contempt of the Court?

"Mr. Brownlow: Anyone.

"The Court: From your actions, from your appearance, from the way you are behaving, Mr. Brownlow, you are drunk in my Court.

"Mr. Brownlow: Your Honor, anyone, anyone you wish to examine me.

"The Court: You have a seat. I'm going to have somebody take a look at you *to determine if you are under the influence of alcohol; if you are I'm determined to hold you in contempt.*

"Mr. Brownlow: Fine." (Emphasis added.)

After a recess, a Mrs. Garner and appellant were called before the court. The trial judge stated to appellant that he had advised him previously that in his opinion he was drunk in court. The court then stated that he had asked appellant if he

wanted to be examined by someone who had knowledge in these matters *"that could confirm or deny my suspicion"* and that appellant had been willing to do so. (Emphasis added.) The court thereupon proceeded to take *unsworn* testimony from Mrs. Garner. She testified that she was a Clinical Specialist in alcoholism and was at that time Court Liaison for the Health Department. Upon being asked by the court if appellant was "under the influence of alcohol", she affirmed that he was.

The court then stated that he had known appellant for 10 years and had seen him drunk and sober; that appellant had demonstrated his condition; and that he was drunk in court and had caused disturbance. Appellant was thereupon sentenced to 10 days imprisonment.

Appellant contends that the record does not show any disruptive or defiant conduct by appellant. Primarily, he argues that since the court relied upon the testimony of a witness that appellant was intoxicated, the summary contempt procedure was inapplicable; and, instead, the court was required to afford appellant a hearing, which it did not do.

The Government on the other hand treats the testimony of the specialist as mere corroboration of what the court had observed. Since the actions of appellant had been observed by the court, says the Government, the contempt was committed in the court's presence and no more was needed to hold appellant in contempt.

We agree that a court should have the right to proceed summarily if after reasonable observation and inquiry it is convinced an attorney is before the court in an intoxicated condition. We would have no hesitancy in attaching great weight to its finding of intoxication. It hardly needs saying that no court should countenance the appearance before it of an intoxicated attorney. Nothing would be more designed

to injure the court's dignity and demoralize its authority than toleration of such conduct. Considerable reliance should be placed upon the fairness and objectivity of the presiding judge if he proceeds summarily to cite an attorney for contempt of court on this ground. Cf. Fisher v. Pace, 336 U.S. 155, 161, 69 S.Ct. 425, 93 L.Ed. 569 (1949).

In this case, however, the court alternated between stating that appellant was intoxicated, referring to his reaction as a suspicion that appellant was intoxicated and expressing uncertainty about it. In our view, the crucial statement of the trial court for the purpose of this review was that it would have a specialist examine appellant to determine whether he was under the influence of alcohol and, if he was, the court intended to hold him in contempt. We think we must conclude from this statement that the ultimate determination on whether appellant was intoxicated turned on the result of the examination and later testimony of the specialist. At this point, the court departed from a summary procedure and embarked on the hearing process. Once the court put the hearing plough into the ground it had to go down the furrow. But it did not. Instead, the court conducted a partial hearing and terminated it when the specialist expressed the view that appellant was under the influence of alcohol.

It is true, as the Government contends, that the conduct and condition of appellant leading to the citation had been observed by the court. It is also a fact, however, that this is the unusual case where the court having observed appellant felt it needed more else it would not have announced, in effect, that it would rely on the conclusion of the specialist. This necessarily carried with it the implication that if the specialist concluded appellant was not "under the influence of alcohol" the court would not hold him in contempt.[1]

■ In Kelly v. United States, D.C. Mun.App., 65 A.2d 593 (1949), this court

---

1. While the trial judge referred to a disruption of the court, we think a fair reading of the record shows clearly the gist of the offense was intoxication before the court.

held the trial court was without authority to summarily adjudge the appellant in contempt as it acted upon "the unsworn statement of Government counsel" and a "forced admission" from appellant.[2] While the facts here present a closer question, we think the result must be the same since the court below likewise pursued the course of unsworn testimony. The indications are, also, that the specialist relied to some extent upon statements made to her by appellant in reaching her conclusion.

■ The dissent misreads our view of this case. We do not agree that the trial court made a finding of intoxication prior to the examination and testimony by the specialist. Otherwise, the court would not have stated it was ordering the examination "to determine if you are under the influence of alcohol; if you are I'm determined to hold you in contempt."[3] Since the court decided to take testimony, and place reliance upon it, it must now proceed by way of rule to show cause upon reasonable notice to appellant and opportunity to present a defense.[4]

If we viewed the procedural irregularity here as merely technical the result, of course, would be different. But we think the procedure denied to appellant is fundamental to the concept of due process. *Kelly, supra* at 595.

Reversed and remanded for further proceedings in conformance with this opinion.

2. In so holding, this court cited a long line of Supreme Court cases to the same effect. *Id.* at 594–595.

3. Additionally, as indicated, the court later said it had ordered the examination to "confirm or deny my suspicion."

HOOD, Chief Judge (dissenting).

I would affirm. I think the record demonstrates that the trial court from its personal observation of appellant and his conduct was justified in finding that appellant appeared in court in an intoxicated condition, and I understand the majority agrees with this. I do not agree that the trial court after making such a finding embarked on an evidentiary hearing to determine a fact it had already found. I think a reasonable reading of the record shows that the trial court out of an abundance of caution and in a spirit of fairness to appellant offered appellant an opportunity to be examined by someone who was experienced in dealing with intoxicated persons. Appellant accepted the offer. The examination merely confirmed that which the court had already found as a fact. The court then adjudged appellant in contempt and imposed sentence. It should be noted that appellant, an experienced member of the bar, at no time objected to the procedure followed by the trial court. Kelly v. United States, D.C.Mun.App., 65 A.2d 593 (1949), cited by the majority, has no bearing here. There the trial court had no personal knowledge of the contemptuous conduct and a hearing was necessary to develop the facts.

It has been said that any court proceeding should not only be fair but should give the appearance of fairness. I fear that today's decision will discourage a trial judge in this type of proceeding from displaying any attempt at fairness lest he be accused of putting the plough into the ground.

4. In re Oliver, 333 U.S. 257, 275–276, 68 S.Ct. 499, 92 L.Ed. 682 (1948). This has long been the law and should cause no undue concern by the trial court.