**In the Matter of Joel J. RABIN.**

**No. 5429.**

District of Columbia Court of Appeals.

Argued Nov. 9, 1970.

Decided May 5, 1971.

---

* Now the Superior Court of the District of Columbia.

1. D.C.Code 1967, § 16–918.

Peter S. Smith, Washington, D. C., for appellant. Frank D. Reeves, Washington, D. C., also entered an appearance for appellant.

Allan Ashman and John M. Joyce, Washington, D. C., counsel for National Legal Aid and Defender Assn., filed a brief as amicus curiae.

Sherman L. Cohn, Washington, D. C., also entered an appearance for National Legal Aid and Defender Assn. and filed an amicus curiae brief as counsel for the Federal Bar Association's National Committee on Legal Assistance to the Poor.

Terry F. Lenzner, Jason I. Newman and Benjamin Stein, counsel for the Office of Economic Opportunity, filed a brief as amicus curiae.

Before KERN, GALLAGHER and NE-BEKER, Associate Judges.

KERN, Associate Judge:

The trial court held in contempt appellant, a local attorney employed by the Neighborhood Legal Services Program (NLSP), and sentenced him to pay a fine or in lieu thereof serve a jail sentence. He appeals on the grounds that (1) he did not disobey the trial court so as to justify being held in contempt, (2) the trial court lacked authority to order him to accept the assignment out of which the contempt order arose, and (3) the contempt order was void because the alleged contumacious act was committed outside the presence of the court and he did not have prior notice and opportunity to defend himself before being held in contempt.

The rather intricate proceedings leading up to the contempt order may be summarized as follows.[1] In May 1970, a Mrs. Carter, represented by an NLSP attorney, brought suit in the Domestic Relations Branch of the District of Columbia Court of General Sessions for an absolute divorce on the ground that her husband had been convicted of a crime involving moral turpitude (armed robbery). She was permitted to proceed in forma pauperis, her case was placed on the uncontested calendar[2] and an NLSP attorney was appointed to represent her husband.[3]

On May 25, 1970, the case was dismissed from the uncontested calendar without prejudice for the reason that Mr. Carter filed an answer pro se contesting the action. In July, Mrs. Carter's attorney moved to revive and reinstate the case to the calendar and on July 10th, the trial court granted such motion. The order as signed by the judge contained a handwritten supplement ordering that appellant.

be given 10 days from date to file an appropriate answer or affidavit in lieu of answer—should counsel fail this responsibility he is hereby given until Aug. 3, 1970 to show cause why he should not be held in contempt herein.

1. The trial judge disapproved a proposed Statement of Proceedings and Evidence and we rely upon the official file and the docket entries.

2. GS Dom.Rel. Rule 5(a).

3. D.C.Code 1967, § 16-918.

The entry on the court's docket read:

> Order signed and filed herein reinstating this cause. Appointed counsel given 10 days to file and (sic) answer or affidavit in lieu of answer.

Appellant received notice by postcard of the trial court's order which read that

> [t]here was entered on the docket July 13, 1970 an order (judgment) reinstating & demanding answer w/i ten days.

Ten days later both Mrs. Carter's attorney and appellant moved to set aside the trial court's order assigning him to represent Mr. Carter on the ground that the appointment created a conflict of interest. On August 5th the trial court, without ruling on the pending motion, held appellant in contempt for ignoring its order of July 10th (directing him to file an answer on behalf of Mr. Carter or show cause why he should not be held in contempt.)

On August 10, 1970, appellant moved to stay execution of the contempt order supported by an affidavit that he had no notice of the "show cause" part of the July 10th order until he was held in contempt.

It may be seen from the above sequence of events that appellant's allegedly contumacious conduct was his failure to file an answer on behalf of Mr. Carter by the deadline fixed by the court. However, the record contains nothing to indicate that appellant ever knew that he was obliged to do so by that date or show cause why he should not be held in contempt. We have held that one who is charged with contempt out of the presence of the court must be given prior notice of the contempt proceeding and an opportunity to defend himself, In re Chaifetz, D.C.Mun.App., 68 A.2d 228, 230 (1949); Kelly v. United States, D.C.Mun.App., 65 A.2d 593, 594 (1949); and this safeguard was not accorded appellant.

We are seriously troubled by another aspect of this case. The trial court's order. of July 10th gave appellant ten days "to file an appropriate answer or affidavit in lieu of answer." Within ten days from the entry of the order appellant filed a motion to vacate his appointment as attorney for Mr. Carter upon the ground that the appointment created a conflict of interest. It seems to us that his motion complied with the trial court's order and raised a substantial question of law, *see* Borden v. Borden, D.C.App., 277 A.2d 89 (1971), which required a ruling by the court before appellant could be deemed in contempt. Appellant's motion was an effort to explain his conduct and the trial court was obliged to consider it before concluding he had been guilty of misconduct. In re Abse, D.C. App., 251 A.2d 655 (1969).

Under the circumstances we hold that appellant was not given sufficient notice of his alleged misconduct and sufficient opportunity to answer such charge. Accordingly, the contempt order must be vacated.

So ordered.