Leslie J. ROOS, Appellant,

v.

John C. LaPRADE, et al., Appellees.

No. 80–1327.

District of Columbia Court of Appeals.

Submitted Jan. 14, 1982.

Decided April 12, 1982.

Gary W. Swindell, Arlington, Va., for appellant.

Before NEWMAN, Chief Judge, and KERN and BELSON, Associate Judges.

PER CURIAM:

Appellant herein, Leslie J. Roos, is an attorney with the law firm that represented the plaintiff in the Superior Court action which preceded this appeal, *Sniscak v. LaPrade,* C.A. No. 6693–79. He contests the trial court's order which awarded defendants attorney's fees against him as counsel for plaintiff.

The record reflects that the plaintiff was represented by John Evans and appellant, both members of the law firm of Repetti, Deerin, Murphy & Evans, P.C., in his proceeding against defendants.[1] At the time appellant was authorized to practice law in the State of Virginia and his application for admission to practice in the District of Columbia was pending. Pleadings filed on the part of plaintiff were signed by appellant and by Mr. Evans, a member of the District of Columbia Bar.

1. Plaintiff filed a Motion for Temporary Restraining Order, Preliminary and Permanent Injunction and a Complaint in the Superior Court, Civil Division. By the motion, he sought to prevent a foreclosure initiated by defendants pursuant to a deed of trust note payable by plaintiff. The complaint sought damages for defendants' alleged violation of usury laws.

On June 1, 1979, appellant appeared before a judge of the Superior Court in conjunction with plaintiff's motion for a temporary restraining order and moved the court that he be admitted *pro hac vice* for the purpose of the hearing. The court, concluding that appellant could not be admitted because his firm had an office in D. C.,[2] ordered that the hearing be continued. At a subsequent date, Mr. Evans argued the motion, which was denied. Appellant, having thereafter become a member of the District of Columbia Bar, entered his appearance as co-counsel on behalf of plaintiff. The parties later resolved the bulk of their differences in settlement negotiations.

On June 26, 1979, defendants filed a motion for allowance of counsel fees. As no opposition was filed, on July 18, 1979, the court entered a default judgment against plaintiff awarding defendants $1,193.40 in attorney's fees. Plaintiff then filed a motion to vacate the default judgment. On October 3, 1980, the court vacated this judgment, but without notice to plaintiff's counsel that it was considering doing so, awarded defendants attorney's fees in the amount of $560.00 against plaintiff's counsel—appellant in the instant case. The basis for this award, according to the trial court, was that appellant's unwarranted appearance in the D. C. Superior Court before he was admitted to the D. C. bar constituted vexatious conduct.[3]

Appellant contends that the award of attorney's fees against him was improper because he was not a party to the proceeding, because he did not misrepresent his status to the court, and because his conduct was thus not vexatious.

No rule of procedure in this jurisdiction explicitly permits the award of attorney's fees directly against the opposing party's counsel under circumstances such as those present here. *Cf.* Super.Ct.Civ.R. 37(a)(4) (court may require a party or its attorney to pay the expenses of a motion for order compelling discovery). In the absence of statutory or rule authority, attorney's fees generally are not allowed as an element of damages, costs, or otherwise. *Trilon Plaza Co. v. Allstate Leasing Corp.,* D.C.App., 399 A.2d 34, 37 (1979). The court in its discretion may award attorney's fees to the prevailing party if the conduct of the nonprevailing party is willfully fraudulent, in bad faith, vexatious, wanton, or oppressive. *1901 Wyoming Avenue Cooperative Association v. Lee,* D.C.App., 345 A.2d 456, 464 (1975).

We find no authority for the award against appellant, counsel in the underlying action, in the law governing the court's regulation of the practice of law. This court, of course, has noted the supervisory role of the courts in this arena.[4] The remedies available to the Superior Court regarding the discipline of attorneys are censure, suspension, and expulsion. D.C.Code 1973, § 11–2504. Misconduct by an attorney appearing before a court may be punished as a contempt of court. *See, e.g., In re Rosen,* D.C.App., 315 A.2d 151, *cert. denied,* 419 U.S. 964, 95 S.Ct. 224, 42 L.Ed.2d 178 (1974). The procedure utilized here, however, deprived the attorney of the due process requisites, notice and opportunity to be heard, which would normally accompany proceedings in the nature of contempt. *See In re Brown,* D.C.App., 320 A.2d 92 (1974); *In re Abse,* D.C.App., 251 A.2d 655 (1969).

2. Nothing in the Superior Court rules prohibits *pro hac vice* appearances by attorneys whose firms have offices in the District of Columbia.

3. The court explained its action as follows:
    1. The established basis for the allowance of attorney's fees is a showing of unwarranted, oppressive or vexatious conduct. *1901 Wyoming Avenue Cooperative Ass'n v. Lee,* D.C. App., 345 A.2d 456 (1975).
    2. Attorney Roos' unauthorized appearance in D. C. Superior Court constitutes vexatious conduct. When a person who is not a lawyer poses as a lawyer and compels a lawyer to engage in any professional activity [*sic*], this is unwarranted, vexatious, and oppressive *per se.*
    3. Therefore, counsel fees in the amount of $560.00 are charged against Mr. Roos, and not against the named plaintiff.

4. *See J. H. Marshall & Assoc., Inc. v. Burleson,* D.C.App., 313 A.2d 587, 591–92 (1973).

Finally, we agree with appellant that it was not vexatious conduct on his part to attempt to appear *pro hac vice.* There is no prohibition in the rules of the Superior Court against an appearance *pro hac vice* by an attorney whose firm has an office in the District of Columbia. Therefore, we conclude that the trial court erred in awarding attorney's fees against appellant.

*Reversed.*