**Charles A. BRADY, Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANIES, Appellee.**

No. 82–1470.

District of Columbia Court of Appeals.

Submitted Sept. 21, 1983.

Decided Nov. 26, 1984.

Charles A. Brady, Washington, D.C., pro se.

No brief was filed by appellee. Robert J. Burstein, Washington, D.C., entered an appearance for appellee.

Before PRYOR, Chief Judge, and NEW-MAN and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant, an attorney, contends that the trial court abused its discretion in denying his motion for relief from sanctions imposed upon him and his client, F.T. Wade Trash Service, Inc., for the latter's failure to comply with an order compelling discovery. We hold that the trial court erred initially in imposing any sanction on appellant without prior notice, but that its error was cured by subsequent events. Accordingly, we affirm.

## I

Appellant represented F.T. Wade Trash Service, Inc., in an action brought by Fireman's Fund Insurance Companies for unpaid insurance premiums. In October 1980 Fireman's Fund obtained a default judgment. Attempting to enforce it, Fireman's Fund sought the testimony of Vandelia Wade, the secretary-treasurer of F.T. Wade Trash Service, Inc., concerning her firm's assets.[1] This quest was unsuccessful until September 1981, when Mrs. Wade was served with a subpoena *duces tecum.* She requested and received a continuance to October 15 in order to assemble the requested documents and retain counsel.

Mrs. Wade appeared in court on October 15, with appellant as her counsel, and agreed to produce the requested documents by November 12. On that date, however, Mrs. Wade and appellant arrived in court without them. The court then granted the motion of Fireman's Fund, pursuant to Super.Ct.Civ.R. 37(a), to compel production of the promised documents by November 19. After nearly three more months passed without production of the documents, Fireman's Fund filed a motion on February 5, 1982, to hold Mrs. Wade in contempt and to order her to pay its attorney's fees and

expenses resulting from the motion. Appellant, although served with the motion, filed no answer on his client's behalf. On March 22 the court scheduled a show cause hearing for April 27 and notified both Mrs. Wade and appellant.

Neither appellant nor his client attended the April 27 hearing. A telephone call from the court to Mrs. Wade revealed that her sister had died. When appellee's counsel called appellant's secretary, she informed him that appellant was out of town.[2] The court thereupon continued the hearing to May 18 and entered an order awarding $100 to Fireman's Fund "to compensate plaintiff's counsel for the time spent in court this day," with appellant primarily and Mrs. Wade secondarily liable. The order said nothing further about attorney's fees.

Appellant appeared with the documents at the May 18 hearing, more than six months after the court had ordered their production. Fireman's Fund withdrew its contempt motion, but renewed its request for attorney's fees. Asked to respond, appellant stated only that Fireman's Fund could have avoided those expenses had it settled. On June 11, after considering the uncontroverted affidavit of appellee's counsel setting forth his fees and expenses, the court granted the motion for attorney's fees, holding appellant and Mrs. Wade jointly and severally liable in the amount of $500, to be paid by July 9.

On July 15 appellant filed a motion for relief from the court's June 11 order, pursuant to Super.Ct.Civ.R. 60(b). He argued that Fireman's Fund's motion had not sought attorney's fees from him or alleged any conduct on his part which would subject him to liability. Moreover, he contended, he had encouraged his client to comply with the court's discovery order. After Fireman's Fund filed a response, the court

1. Neither Vandelia Wade nor F.T. Wade Trash Service, Inc., is a party to this appeal.

2. ° Appellant had informed neither the court nor opposing counsel that he would not be present.

He now alleges that he had told Mrs. Wade that he would be unable to attend, and that she had assured him that she would appear, with the promised documents in hand.

denied the motion. In a five-page order it found the facts as we have summarized them here, noting also that counsel for Fireman's Fund had attempted unsuccessfully several times to contact appellant to resolve the discovery problem. The court observed that Fireman's Fund did not specify in its oral motion on May 18 the person from whom it sought an award of attorney's fees,[3] and rejected as "unpersuasive" appellant's assertion that he had urged Mrs. Wade to obey the court's discovery order. Finding further that appellant had violated both the April 27 and the June 11 orders requiring payment of attorney's fees by a date certain,[4] the court concluded that it had not erred in assessing such fees against him as well as his client. From this order appellant now appeals, renewing his assertions that the court levied the attorney's fees against him without notice and that he had encouraged Mrs. Wade to cooperate in the discovery process.

## II

■ Motions for relief from judgments or orders under Super.Ct.Civ.R. 60(b) are entrusted to the trial court's discretion. We will reverse the court's ruling on such a motion only if that discretion has been abused. *E.g., Joseph v. Parekh*, 351 A.2d 204, 205 (D.C.1976). Appellant contends that because the court gave him no notice of his potential liability, it abused its discretion in denying his motion for relief from the order awarding attorney's fees. Although we agree that the trial court erred in failing to give him notice, we conclude that the trial court's error was cured when appellant filed, and the court fully considered, his Rule 60(b) motion.

Super.Ct.Civ.R. 37(b)(2) states that, in lieu of or in addition to any of the other

sanctions which it provides for failure to comply with an order compelling discovery,

> the Court shall require the party failing to obey the order *or the attorney advising him* or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. [Emphasis added.]

Rule 37(d), which concerns failures to respond to discovery requests, authorizes the same sanction. Unlike Rule 37(a)(4), which also empowers a court to assess attorney's fees in conjunction with an order compelling discovery, neither Rule 37(b)(2) nor Rule 37(d) provides for a hearing before such a sanction may be imposed.

■ Nevertheless, "there are certain immutable principles of justice which inhere in the very idea of free government which no member of the Union may disregard, as that no man shall be condemned in his person or property without due notice and an opportunity of being heard in his defence." *Holden v. Hardy*, 169 U.S. 366, 389–390, 18 S.Ct. 383, 387, 42 L.Ed. 780 (1898); *accord, Powell v. Alabama*, 287 U.S. 45, 68, 53 S.Ct. 55, 63, 77 L.Ed. 158 (1932). This principle inheres in the concept of due process. *E.g., Blackmer v. United States*, 284 U.S. 421, 438, 52 S.Ct. 252, 255, 76 L.Ed. 375 (1932); *Wise v. Herzog*, 72 App.D.C. 335, 337, 114 F.2d 486, 488 (1940); *California Co-operative Canneries v. United States*, 55 App.D.C. 36, 40, 299 F. 908, 914 (1924). There can be no doubt that due process will generally require notice and an opportunity to be heard before a court may assess attorney's fees against counsel under Rule 37(b) or Rule 37(d). *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464,

---

**3.** Although the transcript of the May 18 hearing is not in the record, we assume that this statement is correct, for it has not been contested.

**4.** The court noted in particular that although appellant had been ordered to pay $500 to coun-

sel for Fireman's Fund by July 9, he had not even filed his motion for relief until July 15, "more than a month after the order was issued and six days beyond the latest date on which he was required to make payment."

65 L.Ed.2d 488 (1980).[5] Although a full evidentiary hearing may not be necessary, *see J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. 338, 350 n. 7 (D.Conn.1981); *Stanziale v. First National City Bank,* 74 F.R.D. 557, 560 (S.D.N.Y.1977), an attorney is entitled at least to a meaningful opportunity to argue, either in open court or on paper, against the imposition of any such sanctions against him. *See also Larry M. Rosen & Associates, Inc. v. Hurwitz,* 465 A.2d 1114, 1118–1119 (D.C.1983) (after entry of default on an unliquidated claim, the defaulting party is entitled to a hearing on the amount of damages before judgment may be entered).

This general rule "does not mean that every order entered without notice and a preliminary hearing offends due process." *Link v. Wabash R.R.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). In *Link* the Supreme Court upheld a trial court's *sua sponte* dismissal of an action under FED.R.CIV.P. 41(b) for failure to prosecute. The Court held that due process did not require notice and a hearing, since the circumstances showed that the petitioner was aware of the consequences of his conduct. Further, the Court held that the availability of a motion for relief from the dismissal, under FED.R.CIV.P. 60(b),[6] "render[ed] the lack of prior notice of less consequence." *Id.* This court as well has viewed a Rule 60(b) motion as an antidote to sanctions imposed without notice or hearing. In *Jones v. Roundtree,* 225 A.2d 877 (D.C.1967), we upheld the dismissal of an action based on the plaintiff's failure to submit to a court-ordered physical examina-

tion and to appear at trial. But we also held that the trial court abused its discretion in denying the plaintiff's Rule 60(b) motion for relief from the dismissal, when his derelictions were attributable to his counsel's "flagrant disregard of the court's rules and orders." *Id.* at 878.

▪ Following *Link* and *Jones,* we hold that the trial court erred in imposing sanctions on appellant under Rule 37(b)(2) without giving him prior notice that he might be subject to such sanctions. We also hold, however, that because appellant filed a Rule 60(b) motion, which the court considered and decided on the merits, the error was cured. Unlike the petitioner in *Link,* appellant actually did "avail himself of the escape hatch provided by Rule 60(b)." 370 U.S. at 632, 82 S.Ct. at 1389. In so doing, he presented his defense against liability: that he had urged his client to produce the desired records. He had ample time in which to prepare this argument; more than a month passed between the order assessing attorney's fees against him and his motion for relief. We conclude, therefore, that appellant's Rule 60(b) motion rendered harmless the trial court's failure to provide him with notice and an opportunity for a hearing before initially holding him liable. For this reason the court was not constitutionally obliged to grant appellant's Rule 60(b) motion.

▪ Nor do we see any reason to regard the denial of appellant's motion as an abuse of discretion.[7] In light of appellant's uncooperative, even truculent conduct, the trial court could quite reasonably have con-

---

**5.** The Court's statement in *Piper, supra,* that "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record," 447 U.S. at 767, 100 S.Ct. at 2464, came in the course of its holding that such a sanction was within the trial court's inherent powers. But due process can demand no less simply because the court chooses to invoke Rule 37 as the source of its power.

**6.** Except for an omission not pertinent here, Super.Ct.Civ.R. 60(b) is identical to its federal counterpart.

**7.** Abuse of discretion is our usual standard of review in cases involving the denial of Rule 60(b) motions. *Joseph v. Parekh, supra.* We need not decide in this case whether a stricter standard is required when a movant claims that the order addressed by the Rule 60(b) motion was entered in violation of due process. We read *Link* as supporting our holding that even if due process considerations would otherwise require the earlier order to be set aside, constitutional requirements are satisfied—and constitutional error is cured—when a Rule 60(b) motion is considered on the merits.

cluded that he was as culpable as his client. Six months passed between issuance of the order compelling production of the promised documents and their production. During that time nothing was heard from appellant. He sought neither an extension of time for production nor a protective order. He failed to file even a token answer to appellee's motion to hold his client in contempt.[8] He not only failed to appear for the show cause hearing, but also failed to notify either the court or opposing counsel beforehand. He failed to comply with either of the attorney's fee orders within the time given by the trial court.[9] By itself, his remark that appellee could have avoided its attorney's fees if it had settled strongly suggests that he viewed obstruction of the discovery process as a useful litigation tactic. Considering the entire record, we hold that the trial court did not abuse its discretion in denying appellant relief under Rule 60(b) from its earlier order.

*Affirmed.*

---

8. In his brief appellant alleges that he refrained from responding because he felt that the contempt motion was meritorious in light of his client's conduct. Even assuming the truth of this assertion, which appellant did not raise before the trial court, we do not think that total silence was an appropriate manner in which to express his view.

9. The court found that as of October 1, 1982, almost four months after being ordered to pay Fireman's Fund $500 in attorney's fees, appellant had not yet done so.