Hope H. CARTER, et al., Appellants,

v.

CATHEDRAL AVENUE
COOPERATIVE,
INC., Appellee.

No. 92–CV–800.

District of Columbia Court of Appeals.

Argued May 18, 1994.

Decided May 31, 1995.

Eric Von Salzen, Washington, DC, for appellants.

James P. Mercurio, Washington, DC, for appellee.

Before WAGNER, Chief Judge,* TERRY, Associate Judge, and KERN, Senior Judge.

PER CURIAM.

This matter has been before us on two prior occasions and this court has set forth the basic facts in its prior decisions. *See Carter v. Cathedral Avenue Cooperative, Inc.*, 532 A.2d 681 (D.C.1987) (*Carter I*), and *Carter v. Cathedral Avenue Cooperative, Inc.*, 566 A.2d 716 (D.C.1989) (hereinafter *Carter II*).

This appeal involves a dispute over the procedure described in an arbitration provision—whether one party's failure to name an arbitrator within the thirty days allowed under the arbitration clause contained in a lease mandates that a court order arbitration before a single arbitrator or is itself an arbitrable issue to be ruled on by the three member panel the lease's arbitration clause provides.

Briefly, Hope H. Carter and John Hemphill, Jr. (the "Landlords") are parties to a ninety-nine year ground lease with the Cathedral Avenue Cooperative, Inc. (the "Tenant"). In November 1984, the Landlords notified the Tenant of their intention to increase the ground rent. A dispute ensued, and on April 12, 1985, the Landlords demanded of the Tenant that the dispute regarding the rent increase be resolved in accordance with the arbitration provisions of

---

* *Judge* WAGNER was an *Associate Judge* of this court at the time of argument. Her status changed to *Chief Judge* on June 14, 1994.

the ground lease. The Landlords in this letter named an arbitrator. In response, the Tenant filed a civil action seeking an injunction to enjoin the operation of the arbitration clause in the lease. The trial court granted a temporary restraining order and then a permanent injunction, precluding the Landlords from arbitrating the rent dispute.

In *Carter II, supra,* 566 A.2d 716, we held that the timeliness of notice as well as the rent dispute were arbitrable and we thereby effectively dissolved the trial court's injunction. The Tenant filed a petition for rehearing and rehearing *en banc,* which this court denied on December 21, 1989. On March 21, 1990, the trial court denied the Tenant's Rule 60(b) motion to reinstate the injunction.

On May 22, 1990, the Landlords notified the Tenant that they intended to arbitrate all of the issues in dispute before the sole arbitrator named in their April 12, 1985 letter. The Landlords asserted that the Tenant had waived its right to appoint an arbitrator by letting the thirty-day time period in the arbitration clause expire.[1]

The parties dispute whether the Landlords' May 22, 1990, letter constituted a new demand for arbitration, giving the Tenant thirty days to appoint an arbitrator, or whether the Tenant had waived its choice of an arbitrator because, despite the ongoing litigation during the proceeding five years, any tolling of the thirty days since the original April 12, 1985, demand for arbitration had expired.

The Landlords moved in the trial court to compel arbitration before a sole arbitrator—

the person they had chosen under the arbitration clause. The trial court ruled that the arbitration should proceed before a three-member arbitration panel and that the panel could decide the issue of the timeliness of the arbitration selection. Importantly to this appeal, the court's order dated November 21, 1990, also states "that this Order is without prejudice to the right of the Applicants to submit to the arbitrators the question of whether Mr. Kevin Curnyn [named by the Landlords] should act as the sole arbitrator due to the Cooperative's [Tenant] alleged failure to appoint its arbitrator in a timely fashion." We affirm the trial court.

The Landlords argue that the trial court erred in not ordering arbitration before a *single* arbitrator under the terms of the arbitration clause in the lease agreement. They argue that the trial court relied upon *Texas Eastern Transmission Corp. v. Barnard,* 285 F.2d 536 (6th Cir.1960), which they assert is distinguishable from the instant case. In *Texas Eastern,* a party was *three days* late in naming an arbitrator. One party proceeded to arbitration *ex parte* before one arbitrator. The other party moved to compel arbitration before a three member panel. The court held that time was not of the essence in the contract and that it would be unfair and against the general principles of arbitration to strictly apply the thirty-day provision. The Landlords argue that the three-day delay in *Texas Eastern* is quite different from the several-month delay here. We are not persuaded that the delay in the instant case, under the unusual circumstances of two separate court appeals, renders *Texas Eastern*

---

1. That section of the lease reads in part:

 There shall be three (3) arbitrators, one named in writing by the Landlord, one named in writing by the Tenant, and the third chosen by these two arbitrators. If such two arbitrators shall fail to choose a third within fifteen (15) days, then such third arbitrator shall be promptly appointed by a judge of the United States District Court for the District of Columbia or the nearest comparable successor of such court. Such appointment shall be made on the application of either the Landlord or Tenant within five (5) days' written notice to the other. *Should the party demanding arbitration fail to name an arbitrator within ten (10) days of his demand, his right of arbitration*

 *shall cease. Should the other party fail to choose an arbitrator within thirty (30) days, then the arbitrator so first appointed shall have power to proceed to arbitrate, to determine the matters of dispute, disagreement, difference or question as if he were an arbitrator appointed by both the parties hereto for that purpose, and his award in writing shall be final.* In case there are three (3) arbitrators selected as above mentioned, an award in writing signed by any two of them shall be final. The expense of any such arbitration shall be borne equally by the Landlord and the Tenant. Judgment upon any award hereunder may be entered in any court having jurisdiction thereof. [Emphasis added.]

distinguishable from this case.[2] More importantly, here the arbitration agreement specifically provides that *procedural* issues arising from an arbitrable issue be determined by the three-member arbitration panel.

In *Carter II, supra,* 566 A.2d at 717–18, we recognized the principle that "arbitration clauses should be broadly construed." The instant arbitration clause states in relevant part:

> In case *any dispute, disagreement, difference, or question* shall arise at any time hereafter between the Landlord and the Tenant, or any person claiming under either of them, *in connection with or in relation to* the value of any property, ability or capacity of any property to produce net rentals, the amount of insurance coverage, the lawful use of the demised premises or the Improvements or any matter which is expressly referable to arbitration under the terms hereof, *then such dispute, disagreement, difference or question shall be submitted to and determined by arbitration at the choice of either the Landlord or the Tenant.* [Emphasis added.]

As we noted in *Carter II* :

> To be sure, the arbitration clause in the instant case is less expansive than a clause providing for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder," [*AT & T Technologies v. Communications Workers,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986) ]; or providing that "any controversy or claim arising out of or resulting from this agreement or the breach thereof, shall be settled by arbitra-

tion," *Sindler v. Batleman,* [416 A.2d 238, 239 (D.C.1980) ], in that the parties agreed that only certain delineated areas of controversy would be subject to arbitration. However, in specifying these areas, the agreement sweepingly brought within the ambit of arbitrable issues "any dispute, disagreement, difference or question" arising "in connection with or in relation to" the specified areas.

566 A.2d at 719 (footnote omitted). Thus, we held in *Carter II* that the language of the arbitration clause embraces the timeliness of the notice as well as the actual rent dispute. *Id.* The basis of this appeal is a further dispute that now has arisen between the parties over the composition of the arbitration panel.

The Supreme Court, in *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), addressed the procedural posture of a labor arbitration—whether certain steps had to be followed in order even to initiate an arbitration. The Court concluded: "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions *which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *Id.* at 557, 84 S.Ct. at 918. This court has already decided in the instant case that the rent increase and timeliness of the notice are subject to arbitration. *Carter II, supra,* 566 A.2d 716. Thus, under *Wiley,* other procedural issues involving the instant dispute should be decided by that body described in the arbitration agreement, *viz,* a three-member arbitration panel.

---

**2.** The *Texas Eastern* court is not alone in concluding that one party has not waived its right to a three-member arbitration when a time-specific waiver clause has expired. *See New England Reinsurance Corp. v. Tennessee Ins. Co.,* 780 F.Supp. 73 (D.Mass.1991) (concluding that party did not waive arbitrator selection despite eight-day delay under thirty-day waiver clause); *Compania Portorafti Commerciale v. Kaiser Int'l Corp.,* 616 F.Supp. 236 (S.D.N.Y.1985) (allowing appointment of arbitrator despite a one business day delay in twenty-day waiver clause); *Lobo & Co. v. Plymouth Navigation Co. of Monrovia,* 187 F.Supp. 859 (S.D.N.Y.1960) (ordering three-member arbitration when only a twenty-four hour delay under a twenty-day notice provision);

*In re Utility Oil Corp.,* 10 F.Supp. 678 (S.D.N.Y. 1934) (holding that two-day delay in twenty-one day clause did not result in waiver); *but see Universal Reinsurance Corp. v. Allstate Ins. Co.,* 16 F.3d 125 (7th Cir.1993) (concluding that companies are bound by arbitration agreement they consented to and therefore arbitration was to proceed before two arbitrators chosen by Allstate despite Universal's inadvertent three-day delay in naming their arbitrator); *Employers Ins. of Wausau v. Jackson,* 190 Wis.2d 597, 527 N.W.2d 681 (1995) (holding that party did lose right to select the second arbitrator when it failed to act within the thirty days in the arbitration clause because time was of the essence).

In addition, many courts have determined that issues of timing under an arbitration clause are procedural issues to be determined by the arbitrators and not the courts. *See, e.g., Washington–Baltimore Newspaper Guild, Local 35 v. Washington Post,* 294 U.S.App.D.C. 342, 345, 959 F.2d 288, 291 (1992) (ruling that timeliness is an issue for the arbitrator); *Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d 114, 121 (2d Cir. 1991) (statute of limitations/time-bar defense is issue for arbitrators not the courts); *In re Arbitration No. AAA13–161–0511–85 Under Grain Arbitration Rules v. Cargill Inc.,* 867 F.2d 130, 133 (2d Cir.1989) (stating same); *Nursing Home & Hosp. Union No. 434 AFL–CIO–LDIU v. Sky Vue Terrace, Inc.,* 759 F.2d 1094, 1097 (3d Cir.1985) (time limits are for the arbitrators); *Washington Hosp. Center v. Service Employees Int'l Union Local 722,* 241 U.S.App.D.C. 186, 191, 746 F.2d 1503, 1507–08 (1984) (procedural requirements are issues for the arbitrators); *Daiei, Inc. v. U.S. Shoe Corp.,* 755 F.Supp. 299, 303 (D.Haw.1991) (arbitrability is an issue for the arbitrator); *Exber, Inc. v. Sletten Constr. Co.,* 92 Nev. 721, 558 P.2d 517, 520–21 (1976) ("question of the timeliness of the demand for arbitration should have been resolved by arbitration"); *County of Rockland v. Primiano Constr. Co.,* 51 N.Y.2d 1, 431 N.Y.S.2d 478, 409 N.E.2d 951 (1980) (concluding same).[3]

 The instant case, like all these cases, involves a determination of the conditions for conducting an arbitration. These conditions, including whether a party has waived the three-member panel by failing to name an arbitrator within 30 days, are all part of the arbitration process itself and thus subject to arbitration. Consistent with our analysis in *Carter II* we again conclude that the instant dispute regarding the composition of the arbitration panel is a "dispute, disagreement, difference or question" arising "in connection with or in relation to" an arbitrable issue and therefore is embraced by the arbitration clause.[4] Our conclusion is consistent with the arbitration clause and the general philosophy that encourages arbitration and that arbitration clauses should be broadly construed.

 In sum, the trial court correctly determined that the issue whether the Tenant waived its option to have the rent dispute resolved before a three-member arbitration panel by failing to name its arbitrator within thirty days is an issue to be resolved by a panel of three arbitrators. Therefore, the decision of the trial court must be and is

*Affirmed.*[5]

---

**3.** We note also the dissent in *Employers Ins. of Wausau v. Jackson,* 178 Wis.2d 755, 505 N.W.2d 147 (Ct.App.1993), *aff'd,* 190 Wis.2d 597, 527 N.W.2d 681 (1995), that the thirty-day waiver issue should be decided by a three-member arbitration panel. "The three-person panel may determine whether the parties intended that time be of the essence in appointing a second arbitrator after receipt of an arbitration demand. The panel may further determine whether [the party] named its arbitrator within a reasonable time if it concludes that time was not of the essence." *Id.* 505 N.W.2d at 156 (Myse, J., dissenting).

**4.** Our conclusion in this case is not inconsistent with *Universal Reinsurance Corp., supra* note 2, or *Employers Ins. of Wausau, supra* note 2. In those cases the courts looked to the specific language of the arbitration clauses and determined that time was of the essence and the arbitration agreement should be strictly construed. Here, we are also strictly construing the arbitration agreement which contemplates that the arbitrators determine *procedural* aspects of arbitrable issues. The arbitration clause in this case also potentially avoids the perplexing issue of whether "having all the arbitrators selected by one party renders the proceeding *per se* partial." *Universal Reinsurance Corp., supra* note 2, 16 F.3d at 130 (Cudahy, J., and Eschbach, J., concurring). However, the three-member arbitration panel's procedural determination may be subject to review if the arbitration award is appealed to the courts.

**5.** The Tenant makes several procedural challenges to the instant appeal, *viz,* that the trial court's order was not final; that the appeal was actually dismissed and is now being raised by an improper procedure; and, that the final award entered by the three-member arbitration panel renders the present appeal moot. As to the jurisdictional issue, D.C.Code § 11–721(a)(1) (1989) provides that this court has jurisdiction of ap-

peals from "all final orders and judgments of the Superior Court of the District of Columbia." "The provisions of the District of Columbia Uniform Arbitration Act are applicable only to agreements to arbitrate which were made subsequent to the adoption of the Act." *American Fed'n of Gov't Employees v. Koczak,* 439 A.2d 478, 479 n. 3 (D.C.1981). The instant case involves an arbitration clause of the lease agreement prepared and entered into *prior to* the Act.

This case does not arise in an interlocutory context because all aspects of this case had been dismissed prior to the request for an order to compel arbitration before a sole arbitrator. *See Brandon v. Hines,* 439 A.2d 496 (D.C.1981). We discussed in *Brandon* that, in the federal courts, under their appellate jurisdictional statute when a party sues only to compel arbitration "an order granting or denying relief" is an appealable final decision. *Id.* at 505. The instant case is a suit only to compel arbitration since no other aspects of the litigation were still before the Superior Court. Therefore, since this court finds persuasive the interpretation of the federal courts in determining their appellate jurisdiction, *id.* at 509, the order in the present case is a final order subject to appellate review.

As to the asserted impropriety of the taking of the appeal, the instant appeal is properly before this court because the original appeal taken earlier was dismissed without prejudice to being brought again.

Finally, the final arbitration award does not make moot the instant appeal because the arbitration award is not before this court for review and thus can only impact upon any appeal that might be taken in the future from any trial court order if a challenge is made to the arbitration award.