**In re A. Scott BOLDEN, Appellant.**

**No. 97–SP–1282.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1998.
Decided Nov. 12, 1998.

---

A. Scott Bolden, pro se.

Lutz Alexander Prager, Assistant Deputy Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for the District of Columbia.

Before FARRELL and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

FARRELL, Associate Judge:

In the course of a tax appeal, the Superior Court judge imposed a civil penalty—a fine of $200—on attorney A. Scott Bolden after Bolden, in the judge's words, "unilaterally [aborted]" a mediation session held under the Superior Court's Multi–Door Dispute Resolution ("Multi–Door") system. The judge's authority for the sanction was Super. Ct. Tax R. 13(b), which states in relevant part:

> If counsel or an unrepresented party . . . fails to appear for *or participate in good faith* in any alternative dispute resolution session, the Court may dismiss the case with or without prejudice, or take such other action, including the award of attorney's fees and reasonable expenses, and the imposition of . . . *such other penalties and sanctions, as it deems appropriate.* [Emphasis added.]

*See also* Super. Ct. Civ. R. 16(*l* ), 16–II.

Underlying the judge's imposition of the fine was her determination that Bolden "did not have the agreement of all the parties when counsel aborted said mediation." We observe, however, that no judge is present at Multi–Door mediation sessions, nor was the record of the meeting in question here transcribed or taped.[1] The District of Columbia, a party to the tax appeal, *was* present at the mediation and has conceded in its brief and oral argument to us[2] that the record as constituted does not support the finding of an unconsented, "unilateral" termination of the mediation by Bolden. The judge apparently relied on statements such as the following in written submissions Bolden filed: "Petitioners' counsel decided not to go forward"; "[P]etitioners' counsel advised the [r]espondent's [*i.e.*, the District's] counsel, the mediator, and the [Tax] Division representative of his decision to seek a new mediation schedule." We agree with Bolden that these are insufficient, without more, to support the finding of a unilateral termination. Elsewhere Bolden explained to the judge: "The respondents . . . did not object to rescheduling of the mediation. In fact, although respondents advised petitioners' counsel that they were ready to proceed [with the mediation], they also confirmed that they would not (and did not) take a position or object if petitioners' counsel made the appropriate representations to the Court regarding a *request* for rescheduling of the mediation." (Emphasis in original.) The District does not dispute this account.

While Tax Rule 13(b) requires counsel to "participate in good faith in any alternative dispute resolution session," nothing in it suggests that there must be a formal, on-the-record consent to an adjournment pending a party's request for rescheduling by the court. That would impose undue formality on a process which, while mandatory when applicable, is meant to be flexible and to preserve the parties' ultimate control over their case.[3] Moreover, Bolden's reason for wanting postponement is clearly relevant to

---

1. *Cf.* the Superior Court's Mediation and Neutral Case Evaluation Procedures and Confidential Settlement Statement ("Procedures"), para. II 3. ("Conference Procedures") ("[M]ediation . . . sessions are confidential. . . . All proceedings at the mediation . . . are privileged.").

2. The District, while a party below, has filed what it terms a Friend of the Court brief, stating that the District "has no institutional interest" in either supporting or opposing the sanction levied.

3. *See, e.g.,* Procedures, *supra* note 1, para. II 3. ("No party is bound by anything said or done at

whether he took part in good faith. Bolden represented, and the District has not disputed, that the reason he suggested rescheduling the mediation was the mediator's refusal upon objection by the District to allow his tax expert, who had become physically unavailable on short notice, to participate via telephone conference call. Correct though that ruling may have been,[4] Bolden's consequent unwillingness to go forward until the expert was available is understandable—particularly since, as he also represented, the agreed purpose for this meeting had been to hear the expert's opinion. Although the judge opined that the expert's views and supporting information "could have been made available to counsel, prior to the mediation, for counsel's use during the mediation," the District rightly points out that this entails considerable surmise as to what sort of presentation would have been acceptable to the District and sufficient to make the mediation fruitful.

■■■■ A trial judge's decision to impose a sanction under Tax Rule 13(b), like similar

decisions under Super. Ct. Civ. R. 16(*l*) and 16–II, will be reviewed only for an abuse of discretion. *See, e.g., Durham v. District of Columbia,* 494 A.2d 1346, 1349–50 (D.C. 1985); *see also Providence Hosp. v. Dorsey,* 634 A.2d 1216, 1217–18 (D.C.1993). Informed discretion, however, "requires that the trial court's determination be based upon and drawn from a firm factual foundation." *Johnson v. United States,* 398 A.2d 354, 364 (D.C.1979). We hold that this foundation is lacking for the judge's conclusion that Bolden acted in bad faith in causing adjournment of the mediation session. Accordingly, we vacate the sanction ordered by the trial judge.[5]

*So ordered.*

---

the mediation ... conference unless a settlement is reached and a settlement praecipe is filed with the Court.").

4. As the District noted in argument before us, its attorney would properly have wanted to question the expert about his opinion using documentation he undoubtedly would bring with him.

5. In view of our disposition, we do not reach Bolden's contention that the judge failed to give him proper notice and opportunity to be heard

before imposing the fine. *See BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 574 n. 22, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) ("[T]he basic protection against 'judgments without notice' afforded by the Due Process Clause is implicated by civil penalties" (citation and emphasis omitted)). *But see Brady v. Fireman's Fund Ins. Cos.,* 484 A.2d 566, 568–69 (D.C.1984) (motion for reconsideration under Super. Ct. Civ. R. 60(b) may provide adequate "antidote" for sanctions imposed without prior notice or hearing).