In re ESTATE OF Bernard C. MASON

Rhonda Chappelle, Appellant.

No. 97–PR–2003.

District of Columbia Court of Appeals.

Submitted June 16, 1999.
Decided July 8, 1999.

Rhonda Chappelle, pro se, was on the brief for appellant.

Evan J. Krame, Washington, DC, was on the brief for appellee.

Before TERRY and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant requested the Probate Division of the Superior Court to order appellee, a client, to pay attorneys' fees for legal services performed by appellant in connection with the probate of an estate. The trial court approved some of the fees requested, but denied compensation for services performed prior to the time appellant was permitted to appear in this case *pro hac vice.* We affirm.

On February 9, 1994, Catherine Mason hired appellant Rhonda Chappelle to be her attorney in the probate of the Estate of Bernard C. Mason. On April 11, 1994, appellant filed with the court a petition for probate which appointed her client Ms. Mason personal representative of the estate. In the petition for probate, appellant included her name, signature, District of Columbia address, and a non-existent Unified Bar Number. On June 10, 1994, appellant filed a praecipe for admission to appear *pro hac vice* in the District of Columbia to represent Ms. Mason in her capacity as personal representative. On September 9, 1994, the probate court granted appellant's request to appear *pro hac vice.*

Following the probate of the estate, appellant petitioned the probate court to order Ms. Mason to pay for 69.80 hours of legal services performed from February 9, 1994 to October 31, 1996. The court denied the petition in part. Instead, the court ordered Ms. Mason to compensate appellant for 50.25 hours of legal services performed *after* she was permitted to practice in this jurisdiction *pro hac vice,* from September 9, 1994 to October 31, 1996. The court denied compensation for the 19.55 hours of appellant's legal services performed prior to her admission *pro hac vice.* Appellant appeals the court's order of compensation.[1]

---

1. In addition to her request for compensation as an attorney, appellant's brief also suggests, albeit in passing, that she "is entitled to be compensated for services rendered prior to

September 9, 1994 under a contractual theory of *quantum meruit.*" This issue was not raised in the probate court, and we decline to consider it here. *See Southall v. United*

Appellant argues that the probate court erred by denying compensation for the 19.55 hours of legal services performed from February 9, 1994 to August 26, 1994. Although appellant acknowledges that she was not permitted to appear *pro hac vice* until September 9, 1994, she contends that she should be compensated for all work performed because it was essential to the final disposition of the estate.

According to District of Columbia Court of Appeals R. 49(a), "[n]o person shall engage in the practice of law in the District of Columbia ... unless enrolled as an active member of the District of Columbia Bar." One exception to this general prohibition allows a person to "provid[e] legal services in the courts of the District of Columbia, following admission *pro hac vice.*" D.C.App. R. 49(c)(7). The term "legal services" encompasses a broad range of services to a client. Indeed, in the context of this case, "legal services" comprise "[p]reparing any legal document, including ... instruments intended to affect the disposition of property of decedents' estates." D.C.App. R. 49(b)(2)(A).

 "A request for attorneys' fees ... [is] committed to the discretion of the trial court, and action on such a request will not be reversed but for an abuse of discretion." *Brown v. Carr,* 503 A.2d 1241, 1249 n. 7 (D.C.1986) (citing Super. Ct. Civ. R. 41(a)(2)). Here, the probate court found appellant had not been permitted to practice in the District of Columbia *pro hac vice* until September 9, 1994. Furthermore, by her request to the probate court for attorneys' fees from February 9, 1994 to August 26, 1994, appellant concedes that the work she performed during this period constituted "legal ser-

vices." [2] Therefore, the trial court did not abuse its discretion in finding appellant was not entitled to the 19.55 hours of attorney's fees accrued prior to her admission to this jurisdiction *pro hac vice,* from February 9, 1994 to August 26, 1994.

*Affirmed.*

*States,* 716 A.2d 183, 189 (D.C.1998) ("It is a basic rule in our jurisprudential system that issues, points, and theories not advanced in the trial court will not be considered on appeal except in exceptional situations where a clear miscarriage of justice would result otherwise.").

2. In her brief, Ms. Mason notes that appellant was less than candid by failing to explain, throughout the entire representation, that she was not a member of the District of Columbia Bar. This alleged lack of candor is corroborated by appellant's filing of the petition for probate which indicated that appellant was licensed to practice law in the District of Columbia.