Montrece S. DELACRUZ, Appellant,

v.

Andre HARRIS, Appellee.

No. 97–FM–2053.

District of Columbia Court of Appeals.

Submitted May 16, 2000.
Decided Sept. 6, 2001.

---

Denise A. Vanison, Washington, DC, was on the brief, for appellant.

No brief was filed on behalf of appellee. Lolita James Martin entered an appearance for appellee.

Before TERRY, FARRELL, and REID, Associate Judges.

PER CURIAM:

Appellant, the defendant below, appeals from a trial court order awarding $750.00 in attorney's fees to plaintiff's counsel. Appellant argues that the court erred in awarding attorney's fees because (1) the record did not support the court's decision, (2) her attorney was deprived of notice and an opportunity to be heard before the award was made, and (3) the attorney did not act in bad faith or engage in vexatious or oppressive conduct. We reverse.

I

Appellant Delacruz and appellee Harris are the parents of a son who is now ten years old. Mr. Harris filed a petition to establish joint custody of the child in September 1996, and in due course the case was set for trial on July 8, 1997. On July 7, however, the trial was continued until August 29.

On August 27 Denise Vanison, Ms. Delacruz's attorney, began to experience stomach pains and went to see her doctor. The doctor, concluding that Ms. Vanison was suffering from an ulcer, prescribed medication and advised her to rest for several days. From the doctor's office Ms. Vanison called her assistant, Barbara Patterson, and asked her to draft an emergency motion for a continuance and to telephone opposing counsel, Lolita James Martin; she did so, and Ms. Martin consented to the motion over the phone.

On Thursday, August 28, Ms. Patterson called the chambers of the trial judge. The judge's law clerk told Ms. Patterson that the emergency motion should be filed the next morning.

On Friday, August 29, Ms. Martin appeared in court with her witnesses. Another attorney from Ms. Vanison's law firm was present in her stead. Ms. Martin opposed the emergency motion for continuance at this point, claiming that her earlier consent to the motion had been conditional upon its being filed on Wednesday, August 27. She stated that she had called the judge's chambers at 3:15 p.m. on Thursday, August 28, and learned that the motion had not been filed; accordingly, she brought her witnesses to court ("we had to drag all our witnesses down here"), ready to testify, on Friday morning. Ms. Martin also stated, "I was told today that an emergency motion was [not filed] based on the fact that Ms. Vanison thought, well, maybe she could be here.... If Ms. Vanison took the chance of not filing it because she thought she might feel better, then that's not my client's problem." Ms. Martin requested an award of attorney's fees

in the amount of $750.00, asserting that "we were prepared for a trial today."

The judge ruled that Ms. Martin was "entitled to attorney's fees" and asked her to file an affidavit in support of her request. The judge then stated:

> This is not the way things should happen. I was prepared to grant your motion [for a continuance] under the impression, quite frankly, that something happened on today's date, which necessitated the motion.... But if counsel tells me that this was discussed as early as Wednesday and I'm just getting this today, then there's no justification for that. Somebody should have had the courtesy to call her and say, call off your witnesses. And that wasn't done.... A motion should have been filed ahead of time.... So she's entitled to attorney's fees. I'm going to grant the motion for continuance because I do understand a medical emergency.... [T]he right way to do it was to file a motion for continuance. Certainly before today. You had her consent.

The judge went on to say, "I will give Ms. Vanison an opportunity ... to review the affidavit and make any objections that [she wishes] to make to the affidavit. I do intend to award attorney's fees because I believe that to be an appropriate response."

The court entered an order on October 3, 1997, awarding Ms. Martin $750.00 in attorney's fees after concluding "that the fees requested are reasonable." [1] Ms. Vanison filed a motion to reconsider and vacate that order, but it was denied. [2] This appeal followed.

---

**1.** Appellant does not contest the reasonableness of the fee request. Her only contention is that attorney's fees should not have been awarded at all.

## II

"In the absence of statutory or rule authority, attorney's fees generally are not allowed as an element of damages, costs, or otherwise." *Roos v. LaPrade*, 444 A.2d 950, 951 (D.C.1982) (citation omitted). There are a few limited exceptions to this general rule. For example, "[t]he court in its discretion may award attorney's fees to the prevailing party if the conduct of the nonprevailing party is willfully fraudulent, in bad faith, vexatious, wanton, or oppressive." *Id.* (citing *1901 Wyoming Avenue Cooperative Ass'n v. Lee*, 345 A.2d 456, 464–465 (D.C.1975)); *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (cited with approval in *Charles v. Charles*, 505 A.2d 462, 466 (D.C. 1986)). "[A]n attorney is entitled at least to a meaningful opportunity to argue, either in open court or on paper, against the imposition of any such sanctions against him." *Brady v. Fireman's Fund Insurance Cos.*, 484 A.2d 566, 569 (D.C.1984).

In *Charles* we held that attorney's fees could be assessed against opposing counsel without an authorizing statute only if counsel had acted in bad faith. *Charles*, 505 A.2d at 466–467. In the divorce proceeding at issue in *Charles*, counsel for the defendant repeatedly failed to respond to the plaintiff's complaint. We concluded that attorney's fees would have been ap-

---

**2.** In an affidavit attached to her motion, Ms. Vanison stated that she had not been served with a copy of Ms. Martin's affidavit and did not even know it had been filed until she received the trial court's order.

propriate as a sanction for "repeatedly ... ignor[ing] court orders to answer the complaint." *Id.* at 467. Nevertheless, we held that the trial court had abused its discretion[3] in awarding attorney's fees because it had not first made a specific finding that counsel had acted in bad faith. *Id.* Compare *Chevalier v. Moon,* 576 A.2d 722, 724 (D.C.1990) (affirming award of attorney's fees when trial court had made an express finding of bad faith).

In *Roos* the plaintiff's counsel, a member of the Virginia Bar, requested leave to appear *pro hac vice* at a hearing on a motion. The trial court denied his request and continued the hearing. At the later hearing, another attorney from the same law firm, who was a member of the District of Columbia Bar, argued the motion. The trial court later awarded attorney's fees to the opposing party based on the Virginia attorney's "unwarranted appearance." 444 A.2d at 951. We held that the court had erred in assessing attorney's fees. Although the trial court did make a specific finding that counsel's appearance was "unwarranted, vexatious, and oppressive *per se,*" *id.* at 951 n. 3, we reversed, concluding that there was no prohibition on appearing *pro hac vice* when the attorney was a member of a District of Columbia firm[4] and that counsel's actions therefore did not constitute "vexatious conduct."

Finally, we held in *Brady* that the trial court had erred "in imposing sanctions on [an attorney] under [Civil] Rule 37(b)(2) without giving him prior notice that he might be subject to such sanctions." 484

A.2d at 569. The attorney in *Brady* and his client repeatedly failed, over a period of several months, to produce certain documents in response to a subpoena *duces tecum.* When the plaintiff filed a motion to hold the client in contempt and to award attorney's fees, the attorney filed no response, and neither attorney nor client appeared at a show cause hearing on the motion. The court entered an order awarding $100 in attorney's fees to the plaintiff. Eventually the documents were produced, and the contempt motion was withdrawn. However, the plaintiff renewed the request for attorney's fees, which the court granted, holding the attorney and the client jointly and severally liable. The attorney appealed, and we reversed. Because the trial court had never told the attorney that he might be liable for attorneys' fees, we held that the trial court had erred by failing to give him prior notice of the potential sanctions.[5]

In light of these and similar cases, we find in the present case two independent grounds for reversal. First, the trial court never made a finding that Ms. Vanison had acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," *Alyeska,* 421 U.S. at 258–259, 95 S.Ct. 1612 (citations omitted), in seeking a continuance at almost the last minute; indeed, such a finding would be hard to sustain on this record. The most that the judge said was that "[t]his is not the way things should happen." That is plainly not enough to support an award of attorney's fees, particularly in the absence of any statutory au-

---

3. Orders granting attorney's fees are reviewed for abuse of discretion. *Thoubboron v. Ford Motor Co.,* 749 A.2d 745, 747 (D.C.2000); *In re Estate of Mason,* 732 A.2d 253, 254 (D.C. 1999).

4. The attorney in question was a member of a District of Columbia law firm, and his application for admission to the District of Colum-

bia Bar was pending when he sought permission to appear *pro hac vice.*

5. We also held, however, that the error was rendered harmless by the trial court's plenary consideration of, and ruling on, the attorney's later motion, filed under Super. Ct. Civ. R. 60(b), for relief from the order awarding attorney's fees. *Brady,* 484 A.2d at 569–570.

thority to make such an award. Second, the trial judge did not provide Ms. Vanison with "a meaningful opportunity to argue, either in open court or on paper, against the imposition of any such sanctions against [her]." *Brady*, 484 A.2d at 569. The judge did rule that Ms. Vanison could comment on Ms. Martin's affidavit after she filed it, but Ms. Vanison told the court in her own affidavit that she never received a copy of the Martin affidavit and had no knowledge that it had actually been filed. There is nothing in the record to contradict these statements by Ms. Vanison.[6] Ms. Vanison was not present in court on August 29 because of illness, and—as far as the record shows—she was not given any opportunity at a later date to be heard in opposition to the request for attorney's fees.

In these circumstances we hold that the award of attorney's fees was an abuse of the trial court's discretion.[7] That award is therefore

*Reversed.*

---

6. Indeed, the Martin affidavit itself is not in the record, so we cannot tell whether it was accompanied by a certificate of service.

7. A third possible ground for reversal lies in the fact that attorney's fees are generally awarded to the prevailing party. *See Alyeska*, 421 U.S. at 257, 95 S.Ct. 1612; *Roos*, 444 A.2d at 951. In this case the court granted Ms. Vanison's motion seeking a continuance on behalf of her client, Ms. Delacruz. It strikes us as peculiar, to say the least, for the court then to award attorney's fees to Mr. Harris, the losing party. In view of our decision to reverse on other grounds, however, we need not consider whether this fact would independently warrant reversal.