**Donna SANDERS, Appellant,**

v.

**Berhanu MOLLA, Appellee.**

No. 08–CV–522.

District of Columbia Court of Appeals.

Submitted Nov. 24, 2009.

Decided Dec. 24, 2009.

---

Hughie D. Hunt, was on the brief, for appellant.

Timothy P. Cole, was on the brief, for appellee.

Before NEWMAN, KERN, and FARRELL, Senior Judges.

NEWMAN, Senior Judge:

Tenant Donna Sanders appeals the trial court's ruling that both parties' consent was required to renew a real-property lease and its imposition of Rule 11 sanctions on her without a prior show-cause order. We affirm the court's ruling on the renewal issue based on its reasonable interpretation of an ambiguous provision to which the parties agreed. We lack jurisdiction to rule on the trial court's erroneous, nonfinal sanctions order but are confident that the trial court will comply with Rule 11 if it issues a final order with respect to sanctions.

### I.

Appellee-landlord Berhanu Molla in 2005 lost a suit for possession of an apartment inhabited by appellant-tenant Donna Sanders in a building Molla had bought at foreclosure. Molla later informed Sanders that he would not renew the lease, would raise her monthly rent from $450 to $1650, and would shift to her the responsibility for utility bills. Sanders notified Molla that she was exercising her right to renew for a second five-year term under a lease provision at issue here, and did not pay the increase, whereupon Molla sued for possession based on nonpayment. In January 2008, both parties moved for summary judgment, with Sanders contending that the renewal provision gave her an absolute right to renew unilaterally and Molla arguing that both parties' consent was needed. The trial court found that the provision was ambiguous, and, as such, considered extrinsic evidence, i.e., principally, testimony by Sanders, and ruled that the renewal provision did not prohibit Molla from raising the rent as he did. The court reasoned that the original landlord, while discussing with Sanders the original lease, expressly refused a term of twelve years, instead agreeing to a five-year lease, and that as such he would not have granted Sanders the right unilaterally to renew for a second five-year term. On March 19, 2008, the trial court sua sponte awarded sanctions under Super. Ct. Civ. R. 11 against Sanders' counsel for "tactics which seem designed to drag out this litigation,"[1] awarding Molla his costs for retention of an expert on market value.

### II.

When interpreting real-property leases, we apply the objective law of contracts. *Capital City Mortgage v. Habana Vill. Art & Folklore,* 747 A.2d 564, 567 (D.C.2000). We honor the "plain," "ordi-

---

1. Sanders had argued for the first time following the court's ruling on the renewal provision that the rent increase was so high as to be retaliatory. The judge ruled that $1650 was within the range of fair market rents. This contention is without merit.

nary and usual meaning" of the language and turn to extrinsic evidence only when faced with ambiguity, *i.e.*, with terms that will bear more than one reasonable interpretation. *Id.* (internal citations omitted). We review de novo the question whether language was in fact ambiguous in the first instance. *Id.* at 567–68.

■ Here, the trial court deemed ambiguous the provision that "[l]andlord and tenant shall have the option to renew this lease with a 10% increase per year." Any ambiguity in this provision stems from the combination of "and," which usually bears a conjunctive meaning,[2] and "option," which usually signifies a right exercisable by one, or either, party, not by both acting in concert. As the trial court said, "[T]he word [']option['] doesn't really make sense in here if you have [']landlord and tenant.['] [']Landlord and tenant['] doesn't necessarily make sense."

Sanders argues that the intended meaning was disjunctive—"landlord or tenant shall have," or "landlord and tenant each shall have"—and thus that neither party held a veto right that would render any "option" meaningless. She points out that "and" is at times used disjunctively. FARNSWORTH, CONTRACTS § 7.8 (3d ed.1999); *see also Sisters of Good Shepherd v. District of Columbia,* 746 A.2d 310, 313 (D.C. 2000) (noting that in interpreting statutes, this court has "had occasion to read 'and' as 'or' . . . to avoid an absurd result and 'to follow the legislative intent' "). Indeed,

although neither "or" nor "each" appears in the provision at issue, neither does "together," "both" or any such term to reinforce the usual conjunctive sense of "and." Furthermore, although it is doubtless unusual to find ambiguity in "and," it would be similarly unusual to find that "option" requires the parties to reach mutual agreement. Because of this tension between "and" and "option," and especially in light of the possible disjunctive sense of "and," the plain language bears more than one reasonable interpretation, and extrinsic evidence was properly admitted.

■ The court based its interpretation of this "very strange clause" on testimony that the original landlord opposed a twelve-year lease and the inference therefrom that he would not have granted his tenant a unilateral renewal right for a second five-year lease. Although we generally review contract interpretation de novo as a question of law, a contract-interpretation issue becomes a question of fact when, after extrinsic evidence is marshaled, there remains a genuine dispute over the meaning of the provision at issue. *May v. Continental Cas. Co.,* 936 A.2d 747, 751 (D.C.2007). Such is the case here, and, as such, we review the trial court's ruling for clear error. Noting the lack of clarity as to the parties' intent even when the extrinsic evidence is considered, and given our deferential standard of review,

2. *See, e.g., Camalier & Buckley v. Sandoz & Lamberton,* 667 A.2d 822, 833 (D.C.1995) ("Landlord and Tenant shall abide by the terms of the Lease...."); *Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman,* 575 A.2d 273, 274 (D.C.1990) (lease may run from "such . . . date . . . as Landlord and Tenant shall agree"); *Funger v. Maizels,* 377 A.2d 70, 72 (D.C.1977) ("Landlord and Tenant shall each pay the fee of their own appraiser...."). Conversely, where a contract or statute confers an absolute right upon one or either

party, "or" is typically used. *See, e.g., Carter v. Cathedral Ave. Co-op.,* 658 A.2d 1047, 1048 n. 1 (D.C.1995) ("appointment shall be made on the application of either the Landlord or Tenant"); *Chang v. Louis & Alexander,* 645 A.2d 1110, 1112 (D.C.1994) ("in the event of any breach or threatened breach by either Landlord or Tenant, the prevailing party shall be entitled to recover...."). Unlike in this case, however, no one claimed the language quoted in the cases cited was ambiguous.

443

we conclude, as we must, that the trial court did not err in this ruling.

## III.

 We have no jurisdiction to rule on Sanders' challenge to the trial court's erroneous imposition of Rule 11 sanctions on her without a prior show-cause order. A trial court "may order an attorney, law firm, or party to show cause why conduct specifically described ... has not violated [Superior Court Civil] Rule 11(b)" but may not sua sponte impose a monetary sanction without first issuing such a show-cause order. Super. Ct. Civ. R. 11(c)(1)(B), (c)(2)(B). Here, the court issued a single order stating that it was "troubled by defense counsel's tactics," which "caused prejudice to the plaintiff," and awarding Molla his costs for obtaining an expert. This was error, and it was not harmless, see *Delacruz v. Harris,* 780 A.2d 262, 265 n. 5 (D.C.2001), because counsel for Sanders might otherwise have convinced the court of a valid reason for "tactics" the court said were designed "to drag out this litigation." However, "an order entitling a party to a Rule 11 award of costs and attorney's fees in an amount yet to be determined is a nonfinal order ... that is not otherwise appealable by statute." *Francis v. Recycling Solutions,* 695 A.2d 63, 80 (D.C.1997) (finding no jurisdiction over award of "reasonable cost for the Defendant to respond to the action filed"). The trial court awarded "the cost of plaintiff's expert" and, as far as the record indicates, never ascertained the amount of that cost or issued a new order reflecting such an amount. We dismiss on this issue for want of jurisdiction. We remain confident, moreover, that before further pursu-

ing this matter, if it should choose to do so, the trial court will comply with Rule 11.[3]

In light of the foregoing, we affirm.

*So ordered.*

---

**3.** This ruling does not affect the appealability of the "lease judgment." *See generally Business Guides, Inc. v. Chromatic Communica-* tions *Enters., Inc.* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); *Weaver v. Grafio,* 595 A.2d 983 (D.C.1991).